IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| Zhengwen Zeng, Hong Liu, and Hedan Zeng, | ) ) ) | **OPINION AND ORDER GRANTING MOTION TO DISMISS** |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| Evelyn Upchurch, in her official capacity as Director of, Texas Service Center Citizenship and Immigration Service; Michael Chertoff, in his official capacity as Secretary of Department of Homeland Security; Robert Muller, in his official capacity as Director of Federal Bureau of Investigation; and Solicitor General Paul Clement, in his official capacity as acting United States Attorney General, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil No. 2:06-cv-112 |
| Defendants. | ) ) | |

Before the Court is the United States' Motion to Dismiss (Doc. #3). The Plaintiffs have not responded. Under Local Rule 7.1(C), such failure to file a responsive brief may be deemed an admission that a motion is meritorious. In light of the pro se status of Plaintiffs, however, the Court will discuss the merits of the motion to dismiss.

**FACTS**

Plaintiffs are citizens of the People's Republic of China and lawfully reside in Grand Forks, North Dakota. Mr. Zeng is a professor at the University of North Dakota and is present in the United States as a non-immigrant H-1B specialty occupation worker. His wife, Ms. Liu, and daughter, Ms. Zeng, are present in the United States as H-4 dependants of a specialty occupation worker. The family has been lawfully residing in the United States since April 30, 2003.

In August 2003, Plaintiffs filed I-485 Applications to Register Permanent Residence or Adjust Status, seeking adjustment of status from non-immigrant H-1B worker and H-4 dependants to permanent resident status. The primary plaintiff, Mr. Zeng, seeks admission as an outstanding professor or researcher. 8 U.S.C. § 1255(k); 8 U.S.C. § 1153(b)(1)(B). The applications have been received and are pending with the Citizenship and Immigration Service but final processing has not been completed. Defendants allege that this failure to complete final processing is due, fully or in part, to Plaintiffs' failure to submit necessary information. Plaintiffs bring this action, seeking the Court compel the Citizenship and Immigration Service to adjudicate the I-485 applications.

## ANALYSIS

The United States alleges numerous bases upon which dismissal should be granted. Among them is an argument that the action should be dismissed pursuant to Rule 12(b)(1), Fed. R. Civ. P., because the Court does not have subject matter jurisdiction to hear the claim.

Dismissals based on lack of subject matter jurisdiction should be granted sparingly. Wheeler v. St. Louis Southwestern Ry. Co., 90 F.3d 327, 329 (8th Cir. 1996). However, "[w]hen it clearly appears that the court lacks jurisdiction, the court has no authority to reach the merits. In such a situation the action should be dismissed for want of jurisdiction." Melo v. United States, 505 F.2d 1026, 1030 (8th Cir. 1974).

When a motion to dismiss pursuant to Rule 12(b)(1), Fed. R. Civ. P., is filed, the non-moving party may defeat such motion by making a prima facie showing of jurisdiction. Dakota Industries, Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991). In the absence of a hearing, the Court must look at the facts in the light most favorable to the non-movant. Id. Here, the non-movant plaintiffs have failed to respond in any way to the government's motion to dismiss, and no

hearing has been requested. The Court therefore looks to the complaint alone for establishing a prima facie showing of jurisdiction. Plaintiffs' complaint alleges the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1361, as well as 5 U.S.C. § 704.

Plaintiffs assert that the Court has jurisdiction pursuant to 28 U.S.C. § 1331, which provides that a district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States" and 5 U.S.C. § 704, which allows for review of non-discretionary agency action[1]. However, it is well-established that a statute with a specific grant or limitation of jurisdiction takes precedence over a statute with a general grant or limitation of jurisdiction. Pulido v. Bennett, 848 F.2d 880, 886 (8th Cir. 1988). Therefore, 28 U.S.C. § 1331 or 5 U.S.C. § 704 applies only if it is concluded that no other specific jurisdictional provision is applicable. In this instance, a specific jurisdiction-stripping provision in the Immigration and Nationality Act divests this court of jurisdiction:

> [N]o court shall have jurisdiction to review--
>
> (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
>
> (ii) <u>any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter[2] to be in the discretion of the Attorney General or the Secretary of Homeland Security</u>, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B) (emphasis added).

---

[1] Section 701 of Chapter 7 specifically states that it does not apply to agency action "committed to agency discretion by law.

[2] "[T]his subchapter" as referenced in § 1252(a)(2)(B)(ii) refers to Supchapter II, which includes Sections 1151 through 1381 of Title 8. Onyinkwa v. Ashcroft, 376 F.3d 797, 799 (8th Cir. 2004).

Adjustments of status are governed by 8 U.S.C. § 1255, which states status "may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe . . ." The Eighth Circuit has recognized that § 1252(a)(2)(B)(ii) strips courts of jurisdiction to review discretionary decisions. Onyinkwa, 376 F.3d at 799; Halabi v. Ashcroft, 316 F.3d 807, 808 (8th Cir. 2003); see also Regaldo-Garcia v. INS, 305 F.3d 784, 786 n. 2 (8th Cir. 2002) (concluding that court has no jurisdiction over discretionary decision). Judicial review of a ruling committed to the Attorney General's discretion is only permitted if that ruling raises constitutional or legal challenges. Grass v. Gonzales, 418 F.3d 876, 878 (8th Cir. 2005). Whether adjustment of status is a pure discretionary or constitutional-legal question was addressed by the Eighth Circuit in a recent unpublished opinion: "Adjustment of status is entirely within the discretion of the Attorney General." Xiong Huang v. Gonzales, 224 Fed.Appx. 554, 554 (8th Cir. 2007) (internal citations omitted). Concluding § 1252(a)(2)(B) applies, the Court continued, "Congress has stripped the courts of jurisdiction to review [adjustment of status] decisions executed pursuant to that discretion." Thus, the jurisdiction-stripping provision of 8 U.S.C. § 1252(a)(2)(B) trumps the jurisdiction granted pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 704, and the Court is without jurisdiction under either of those statues to address the claims presented by the Plaintiffs.

The argument may be advanced, as it has been in many district courts[3], that there is a distinct difference between review of the ultimate determination on an adjustment application and judicial intervention to force a determination when an application is pending. In other words, even if it is

---

[3]District courts are more or less divided on this matter, some concluding there is jurisdiction to compel action on adjustment applications, see Linville v. Barrows, 489 F.Supp.2d 1278, 1281 (W.D. Okla. 2007); Haidari v. Frazier, 2006 WL 3544922 (D. Minn., Dec. 8, 2006); and others concluding there is not, see, Qiu v. Chertoff, 486 F.Supp.2d 412 (D.N.J. 2007); Sharif v. Chertoff, 2007 WL 2045489 (N.D. Ill., July 18, 2007).

acknowledged that final agency "decisions" or "actions" are precluded from review by § 701(a) or the jurisdiction-stripping provision of § 1252(a)(2)(B), a separate discrete and distinct question is presented as to whether a Court has jurisdiction to order that *an* action be taken or *a* decision be made. This question was recently considered by United States District Judge Donovan Franks, who concluded that "the decision of whether to *grant* or *deny* an adjustment application is discretionary," but distinguished that "Plaintiffs are only asking this Court to compel Defendants to make *any* decision." Haidari v. Frazier, 2006 WL 3544922, *4 (emphasis original). In Haidari, Judge Franks found that 5 U.S.C. § 555(b) required agency action be taken promptly, and concluded jurisdiction existed pursuant to 28 U.S.C. § 1331 to compel such action.

Judge Franks' reasoning in Haidari is tempting; however, it apparently fails to consider the full effect of the Administrative Procedure Act and the procedure established for judicial review under Chapter 7. Section 555(b) of Title 5 of the United States Code states, "With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." While this statute imposes a duty on agencies to promptly resolve matters, it does not provide for judicial review. Rather, judicial review is set forth under Chapter 7, which allows for review, "except to the extent that . . . agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). This Court is persuaded that § 701(a), alone, may be sufficient to divest the Court of jurisdiction over this matter. However, any doubt is resolved by the definition of "agency action" set forth by both Chapters 5 and 7, which is "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. §§ 551(13) and 701(b)(2) (emphasis added). Thus, the plain language provides that a failure to take action is still "agency action" under Chapters 5 and 7. It

5

follows that the Court lacks jurisdiction over agency inaction to the same extent it lacks jurisdiction over a completed decision or act.

Although it is apparent that this Court lacks jurisdiction to hear this case, it is noted that, regardless, mandamus would be inappropriate for this matter. A writ of mandamus may be granted in the Court's discretion and only in extraordinary situations, provided "(1) the petitioner can establish a clear and indisputable right to the relief sought, (2) the defendant has a nondiscretionary duty to honor that right, and (3) the petitioner has no other adequate remedy." Castillo v. Ridge, 445 F.3d 1057, 1060-61 (8th Cir. 2006) (citing In re SDDS, Inc., 97 F.3d 1030, 1034 (8th Cir. 1996)). Adjustment of status is entirely within the Attorney General's discretion. Xiong Huang, 224 Fed.Appx. at 554. Therefore, Plaintiffs can neither show a "clear and indisputable right" to a resolution of their applications within any specific time period, nor establish that the Attorney General owes a nondiscretionary duty to process the applications immediately.

## DECISION

Because adjustment of status is a discretionary decision left to the Attorney General, the Court is lacking subject matter jurisdiction over this case. Therefore, there is no authority to reach the merits of this claim, and the action must be dismissed. Melo, 505 F.2d at 1030. The Defendants' motion is **GRANTED.**

**IT IS SO ORDERED.**

Dated this 11th day of September, 2007.

                                              /s/   Ralph R. Erickson
                                      Ralph R. Erickson, District Judge
                                      United States District Court